ALLEN & OVERY

BY HAND

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel           212 610 6300
Fax          212 610 6399
Direct line  212 756 1196
brian.dehaan@allenovery.com

October 2, 2009

Re:   The County of Suffolk v. Gutlove & Shirvint, Inc., et al.
      09-CV-2723

Dear Judge Amon:

We write on behalf of defendant Gutlove & Shirvint, Inc. ("Gutlove") to clarify briefly some of the matters addressed in plaintiff's letter to Your Honor, sent yesterday. Where plaintiff's letter refers to "defendant's motion to dismiss" filed on August 19, 2009, and "defendant's [converted] motion for summary judgment" filed September 3, 2009, plaintiff's letter is referencing motions that were filed independently by defendant Mauro Pennisi, Inc., and not by Gutlove.

While this case was still assigned to Judge Seybert, Gutlove and plaintiff stipulated on July 20, 2009, to extend Gutlove's time to move or answer the Complaint to August 21, 2009. The case was then reassigned to Judge Matsumoto on August 18, 2009, who directed Gutlove to comply with her Honor's rules requiring the filing of a letter requesting a pre-motion conference, which Gutlove did on August 21, 2009. (A copy of that letter is appended here as Exhibit 1.)

Gutlove, which has as yet filed no motion, understands that the conference originally scheduled for September 18, 2009 and now adjourned until October 27, 2009 will operate as the pre-motion conference requested in Gutlove's August 21, 2009 letter. We respectfully request that the Court notify us if Gutlove is required to take any further action prior to the October 27, 2009 conference.

Respectfully submitted,

*Gutlove is not required to take any further action before the conference. So Ordered* s/Hon. Carol B. Amon

Brian A. de Haan

10/5/09

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Budapest, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, New York, Paris, Prague, Riyadh (associated office), Rome, Shanghai, Singapore, Tokyo and Warsaw.

cc:   All Counsel (by email)

Exhibit 1

BY HAND DELIVERY

Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1818

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Telephone   212 610 6300
Fax         212 610 6399
Direct Line 212 610 6360
michael.feldberg@newyork.allenovery.com

August 21, 2009

Re:   County of Suffolk v. Gutlove & Shirvint, Inc., et al.,
      Civ. No. 09-2723 (KAM) (ALC)

Dear Judge Matsumoto:

We write on behalf of defendant Gutlove & Shirvint, Inc. ("Gutlove"), pursuant to section IV(b) of Your Honor's Individual Practices, requesting a pre-motion conference and permission to move the Court for dismissal of plaintiff's complaint in the above-referenced action in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6), for its failure to state a claim upon which relief can be granted.

Gutlove proposes to move for dismissal on the ground that the New York Supreme Court, Appellate Division, Fourth Department's recent ruling in Cayuga Indian Nation of New York v. Gould represents the state of the law of New York with respect to the taxation of cigarettes sold to or from qualified Native American reservations, and holds that presently "there is no statutory basis for the imposition of a cigarette tax on a qualified reservation as that term is defined in section 470(16)(a)."  __ N.Y.S.2d __, 2009 WL 1981848 at *6 (4th Dep't July 10, 2009).

In its complaint, plaintiff alleges that Gutlove makes sales of unstamped and untaxed cigarettes to a variety of Native American customers, which customers subsequently re-sell those unstamped cigarettes to the general public in transactions that, plaintiff alleges, should be subject to taxation. The three causes of action alleged in plaintiff's complaint are that (i) Gutlove violates the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq., in that Gutlove's cigarette sales to reservation retailers are allegedly "contraband" for lacking stamps evidencing payment of "applicable" state cigarette taxes; (ii) Gutlove violates the New York Cigarette Marketing Standards Act ("CMSA"), N.Y. Tax L. § 483 et seq., in that Gutlove sells cigarettes to reservation retailers at prices that allegedly "do not include the 'basic cost of cigarettes' which includes the payment of all cigarette taxes required by law." (Complaint ¶ 35), and (iii) Gutlove's unstamped cigarette sales allegedly contribute to a public nuisance.

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763 and is regulated by the Law Society of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One New Change, London EC4M 9QQ and at the above address. Any reference to a partner in relation to Allen & Overy LLP means a member, consultant or employee of Allen & Overy LLP.

Allen & Overy LLP or an affiliated undertaking has an office in each of Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Budapest, Dubai, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Milan, Moscow, New York, Paris, Prague, Rome, Shanghai, Singapore, Tokyo, Turin, Warsaw.

The necessary and predicate allegation underlying each of plaintiff's three causes of action is that New York state law requires Gutlove to stamp and pre-collect cigarette taxes on sales of cigarettes to its customers on Native American reservations. Specifically, the complaint advances the argument that Gutlove is obligated to pre-collect the state excise tax on cigarettes sold to reservation retailers under N.Y. Tax L. § 471, and is obligated to pre-collect the state and local sales tax on these cigarettes under N.Y. Tax L. § 1103 (which incorporates the pre-collection mechanism set forth in section 471). The Cayuga decision unambiguously rejects plaintiff's theory. In that case, the Fourth Department panel noted preliminarily that N.Y. Tax L. § 471-e, intended by the Legislature to provide for a tax coupon reimbursement system that would permit stamping agents to pre-collect taxes on cigarettes while preserving Native Americans' personal exemption from taxation, is "not in effect" and has been enjoined by the Fourth Department's prior decision in Day Wholesale, Inc. v. State of New York, 51 A.D.3d 383 (4th Dep't 2008). See Cayuga, 2009 WL 1981848 at *1. Turning to the question of whether N.Y. Tax L. § 471 alone, and absent operation of section 471-e, is sufficient to impose a tax on reservation cigarette sales, the Court held that it is not, stating:

> Given the recognition of the Legislature that the sovereignty considerations attendant upon imposing and collecting a state cigarette tax on reservation sales renders Tax Law § 471 alone insufficient to impose the tax and its express imposition of the tax in section 471-e, as well as our decision in Day Wholesale that section 471-e is not in effect, we are compelled to conclude that there is no statutory basis for the imposition of a cigarette tax on a qualified reservation as that term is defined in section 470(16)(a).

Id. at *6.

Although another Court in this district, in the companion case City of New York v. Milhelm Attea & Bros., Inc., ("Milhelm") had previously held that section 471 constitutes an "applicable tax" on reservation cigarette sales for purposes of the CCTA and CMSA, see Milhelm 550 F.Supp.2d 332, 346-48 (E.D.N.Y. 2008), the Fourth Department's Cayuga ruling, representing a controlling decision on an issue of state law, should guide this Court's decision.[1] The Second Circuit has been clear, with respect to controlling questions of state law in federal cases, that federal courts are bound by applicable decisions of the New York intermediate appellate courts absent presentation of "persuasive evidence" that the New York Court of Appeals, if provided opportunity, would rule otherwise. See City of New York v. Smokes.Spirit.com, Inc., 541 F.3d 425, 456 (2d Cir. 2008) ("As a general matter, if the New York Court of Appeals has not ruled on an issue of state law, 'we are bound to apply the law as interpreted by New York's intermediate appellate courts unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion.'") (quoting Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA, Inc., 344 F.3d 211 (2d Cir. 2003); Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 134 (2d Cir. 1999) (same).

By this standard, unless plaintiff is able to put forward "persuasive evidence" that the Court of Appeals would rule otherwise than the Fourth Department panel in Cayuga on the issue of whether N.Y. Tax L. § 471 requires reservation sales to be stamped, the Cayuga decision governs the issue and requires dismissal of plaintiff's complaint under Fed. R. Civ. P. 12(b)(6).

---

[1] In the Milhelm case, Judge Amon has directed the parties to make written submissions on the impact of the Cayuga decision on the case. Those submissions are presently before that Court.

2

Gutlove is prepared to move on these grounds at the Court's convenience. We interpret Your Honor's Minute Order of August 19, 2009, to indicate that Gutlove should await the status conference already scheduled for September 18, 2009 at 2:30pm. Gutlove proposes to confer with plaintiff's counsel prior to that conference, reach agreement on a suitable briefing schedule and submit the schedule for Your Honor's approval at the upcoming conference.

Respectfully submitted,

Michael S. Feldberg

Cc:   All Counsel of Record (via e-mail)