ALLEN & OVERY

BY HAND AND FILED VIA ECF

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel             212 610 6300
Fax           212 610 6399
Direct line   212 756 1196
brian.dehaan@allenovery.com

November 23, 2009

Re:   The County of Suffolk v. Gutlove & Shirvint, Inc., et al.
        09-CV-2723

Dear Judge Amon:

    We write on behalf of defendant Gutlove & Shirvint, Inc. ("Gutlove") seeking an Order, pursuant to Fed. R. Civ. P. 26(c), staying discovery in the above-referenced action pending resolution of the interlocutory appeal, presently before the Second Circuit Court of Appeals, of the August 25, 2009 Order in City of New York v. Golden Feather, et al., 08-CV-3966 (CBA).

    It is well-settled that the a district court has the inherent power, in its discretion, to stay discovery while preliminary and potentially dispositive questions of law are determined. See Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702004 at *4 (S.D.N.Y. Dec. 14, 1994) ("It is well-settled that a district court has discretion to halt discovery pending its decision on a motion to dismiss."); O'Brien v. Avco Corp., 309 F.Supp. 703, 705 (S.D.N.Y. 1969) ("when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions."); cf. Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (a "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Courts have held that "costly and time-consuming discovery" should be stayed where the preliminary legal issue to be determined is "potentially dispositive, and appears to be not unfounded in the law."

    At the November 17, 2009 pre-motion conference in this case, the Court relieved defendants in this case of the obligation to move or answer the Complaint until the issue on appeal in Golden Feather—whether state law imposes an applicable tax in reservation cigarette sales—is resolved. This determination recognizes that the issue on appeal, if resolved in favor of defendants, will be largely dispositive of plaintiff's claims in this action. This fact provides the Court sufficient "good cause" to exercise its discretion to stay discovery pending resolution of the case's central issue on appeal.

    Additionally, the Complaint in this action is, with very minor variation, a copy of the complaint filed against Defendants in the companion case City of New York v. Milhelm Attea, et al., 06-CV-3620 (CBA). The Milhelm Attea case remains in discovery, and depositions have not as yet been taken while the case's central

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Budapest, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, New York, Paris, Prague, Riyadh (associated office), Rome, Shanghai, Singapore, Tokyo and Warsaw.

legal issue awaits resolution. As the discovery, and particularly the deposition testimony, sought by and from the defendants in this case will largely duplicate that sought from defendants in the Milhelm Attea action, the wisest and most efficient course would be to stay discovery in the present case pending resolution of the Golden Feather appeal, so that the parties in the present case and those in Milhelm Attea, in the event the Golden Feather appeal is resolved against defendants, may coordinate discovery efforts and thereby avoid unnecessary duplication of effort and expense.

For these reasons, Gutlove & Shirvint respectfully requests that the Court stay discovery in this matter pending resolution of the appeal in Golden Feather.

Respectfully submitted,

Michael S. Feldberg

cc: All Counsel (by email)